Salvatore Froncillo
vs.      No. 93869
Zarr, Inc.

April 17, 1935.

POULIOT, J. This is an action brought to recover wages due in which the jury found for the plaintiff for $989.40.

The issue is relatively simple. The plaintiff claims unpaid wages in the sum of $1,000. The defendant admits owing $520. The dispute is over the balance which is made up of two items, one of three Saturdays' employment at $10 each, the other for rental of an apartment at Watch Hill amounting to $450.

The first item, $30, evidently was disregarded by the jury in fixing damages, and there is no quarrel with that finding as there is ample credible evidence to support it.

The other item is more seriously disputed. It seems that the defendant, who operates a high-class dress shop in Providence, in Florida during the winter and at Watch Hill in the summer, brought her help with her to Watch Hill and provided quarters for them for the season. Mrs. Zarr, who is the sole owner of the corporation, testified that in January 1932, and again in June 1932, on account of business conditions, she was forced to reduce the compensation of her help; that she told the plaintiff that she could not afford any more to pay for quarters suitable to lodge the plaintiff and his family, but that if his family came to Watch Hill with him, she would have to charge him

$150 per season as part of the rental which, she says, was $250 in 1932, $250 in 1933. and $225 in 1934; that he replied that the arrangement was satisfactory to him and to take it out of his salary.

The plaintiff very energetically denies any such arrangement. The defendant's books were produced in which charges for three seasons at $150 are entered against the plaintiff. These entries, however, were not made until the plaintiff had left the employ of the defendant and was preparing to bring suit. The defendant explains this by stating that there was no need to make entries before that time as the defendant always owed the plaintiff more than the $450.

It thus became a question of fact for the jury to determine whether the defendant, by a fair preponderance, had proven its plea in set-off. The jury believed it had not and awarded $970 plus interest.

The Court appreciates that it is a close question as to whether or not defendant ought to have $450 deducted from plaintiff's unpaid wages. The weakness in defendant's contention is that the entries were made on the books only after the plaintiff severed his connection with the defendant. While the Court feels that there is some merit to the defendant's claim in the sense that, morally, the plaintiff ought to help the defendant in the expense of providing a seashore residence for the benefit of the plaintiff's family at a time when plaintiff knew the defendant was having a hard time financially, yet it can not say that defendant's evidence was so much weightier than the plaintiff's that the Court ought to reverse the findings of the jury.

Though it reluctantly does so, the Court deems it its duty, under the law and the evidence, to deny defendant's motion for a new trial.

The motion, therefore, is denied.

For plaintiff: Pettine, Godfrey & Cambio.

For defendant: Comstock & Canning.